IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRETT MORRISH,
    Plaintiff,

vs.                                    Case No.: 1:05cv119/MMP/EMT

ALACHUA COUNTY SHERIFF'S DEPARTMENT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court upon Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 19).  Leave to proceed in forma pauperis has been granted (Doc. 5).

       At all times relevant to this action, Plaintiff was a pretrial detainee at the Alachua County Jail.  He names the Alachua County Sheriff's Department ("Sheriff's Department"), Major Chapman, and Officer Crowley as Defendants.  Plaintiff contends Defendants violated his constitutional right to access the courts by interfering with his ability to file a motion to withdraw his guilty plea in a criminal case in Lee County, Florida, and a notice of change of address in a family law case pending in Lee County (Doc. 19 at 7).  As relief, Plaintiff seeks monetary damages in the amount of $1,000,000.00 and all other relief that the court deems appropriate (*id*. at 8).

       Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual

allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. <u>Brown v. Budget Rent-A-Car Systems, Inc.</u>, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of the amended complaint, the court concludes that dismissal of Plaintiff's claims is warranted.

Plaintiff alleges the following facts in support of his claim. On April 6, 2005, following a guilty plea, he was sentenced in a criminal case in the Circuit Court in and for Lee County, Florida (*id.* at 8). Five days later, he was placed in the custody of the Alachua County Sheriff's Department to face criminal charges pending in Alachua County (*id.*). Plaintiff realized he had made mistake by entering a guilty plea in the Lee County case and decided to file a motion to withdraw his plea (*id.*). Additionally, he prepared a notice of change of address for filing in a family law case in which he had filed a motion for contempt against his ex-wife to enforce his visitation rights with his minor children while he was incarcerated (*id.*). Plaintiff states that on April 25, 2005, he requested the services of a notary public to notarize the motion to withdraw plea and notice of change of address (*id.*). Two days later, on April 27, 2005, Defendant Crowley refused to notarize the documents because Plaintiff did not have a valid identification card or statements from two witnesses validating his identity (*id.*). Defendant Crowley stated he was acting pursuant to the policy of the Sheriff's Department and Major Chapman (*id.*).

Plaintiff additionally alleges that the Classification Department of the Alachua County Jail failed to respond to his request for information on his motion for contempt filed in his family law case (*id.*). Plaintiff states as a result of Defendant Crowley's actions, allegedly pursuant to the policy of Major Chapman and the Sheriff's Department, he was unable to file the motion to withdraw his plea within the 30-day period for doing so (*id.*). Additionally, as a result of the Classification Department's failure to notify him of the status of his motion for contempt and Defendant Crowley's failure to notarize his notice of change of address, he was unable to timely file

a motion for rehearing or appeal of the denial of his motion for contempt, and his subsequent motion for contempt was denied as successive (*id*.).

It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491,v52 L.Ed.2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. 518 U.S. at 349-51. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.*, 518 U.S. at 354. Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 "to vindicate 'basic constitutional rights.'" *Id.* (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions. Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (citing Lewis); *see also* Bass v. Singletary, 143 F.3d 1442, 1445-46 (11th Cir. 1998). So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. Wilson, 163 F.3d at 1291. Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit. Lewis, 581 U.S. at 353 n.3, 116 S.Ct. at 2181 n.3; Wilson,163 F.3d at 1291.

In the instant case, Plaintiff states he was unable to file the motion to withdraw his plea for lack of a notary, however, he has failed to show that a notarized motion was required. The Florida Supreme Court has held that an unnotarized oath is acceptable for post-conviction motions, so long as the motion contains an oath stating, under penalties of perjury, that the facts stated in the motion are true. *See* State v. Shearer, 628 So.2d 1102, 1103-04 (Fla. 1993). Plaintiff states he was not aware that he could file an unnotarized motion, and, significantly, he does not allege that he attempted to do so. As Plaintiff cannot show that Defendants' conduct was the cause of his failure to file a timely motion to withdraw his plea, his claim should be dismissed.

Page 4 of 4

Additionally, Plaintiff cannot show that his family law case is included in the category of cases protected by the First Amendment's guarantee of access to the courts. Therefore, his claims that Defendants denied him access to the courts to litigate his motion for contempt against his ex-wife should likewise be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 24th day of March 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**